UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

LANSING DIVISION

ROBERT P HOLLINGSWORTH III,

Plaintiff (Pro-Se),

V.

TODD BLANCHE,

In his Official Capacity as

Acting Attorney General of the United States,

Defendant.

CASE NO: _____

**FILED - LN**
April 24, 2026 2:25 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _DJW_ / _____ SCANNED BY: ___ / ___

**1:26-cv-1342**
Robert J. Jonker
United States District Judge

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF EQUAL PROTECTION AND THE FIFTH AMENDMENT (RACIAL DISCRIMINATION AND SELECTIVE ENFORCEMENT)

### INTRODUCTION

Plaintiff Robert P. Hollingsworth III, African-American private citizen of Michigan, challenge the Defendant's 2025/2026 administrative rescission of the "Disparate Impact" standard—a policy finalized by former Attorney General Pam Bondi and now ratified and enforced by Defendant Todd Blanche. This action creates a "Dual System of Justice" where the Defendant utilizes the Department of Justice (DOJ) to shield White high-profile political figures and White political allies from accountability while simultaneously stripping ordinary African American citizens of established legal protections against systemic workplace discrimination.

"Pursuant to Fed. R. Civ. P. 25(d), Defendant Todd Blanche is automatically substituted for his predecessor, Pam Bondi. Plaintiff challenge the systemic and ongoing policies of the Department of Justice, initiated under Bondi and currently maintained, ratified, and enforced by Defendant Blanche."

### JURISDICTION AND VENUE

1. Jurisdiction exists under 28 U.S.C. § 1331 and the Administrative Procedure Act (APA), 5 U.S.C. § 706. Venue is proper in the Western District of Michigan as Plaintiff reside in Michigan.

2. **Exhaustion of Remedies is Not Required:** Plaintiff bring this action to challenge the facial constitutionality of a Departmental policy and the selective non-enforcement of civil rights laws. There is no requirement to exhaust administrative remedies with the EEOC or state civil rights departments because:

- **Nature of the Claims:** This is a constitutional and APA challenge to a national policy change, not a standard employment grievance. Federal courts have original jurisdiction over such claims without prior agency review.

- **Inadequacy of Administrative Process:** State agencies and the EEOC do not have the authority to rule on the constitutionality of a U.S. Attorney General's policy decisions or federal pardons.

- **Futility:** Any attempt to seek administrative relief would be futile, as the injury (the rescission of the Disparate Impact standard) was a final agency action by the Defendant that these agencies lack the power to reverse.

---

## FACTUAL ALLEGATIONS #1

**3. The Disparate Impact Rollback: In** late 2025, the DOJ under Pam Bondi issued a "Final Rule" effectively nullifying the disparate impact standard—codified by Congress in the Civil Rights Act of 1991—without a vote from the Legislative Branch. Defendant Blanche has since assumed office and explicitly maintained this rule.

**4. Institutional Subversion and Demoralization:** As outlined by Yuri Bezmenov, the Defendant is engaging in "Demoralization" by subverting the Epistemic Trust of the judicial system. By removing the primary tool used to fight systemic racism, the Defendant ensures that Plaintiff' active and future workplace complaints face a "dead end."

**6. The Accountability Gap (FBI Case ID: 50D-NY-3027571):** While the DOJ has made it harder for Plaintiff to prove discrimination, it continues to shield high-profile White figures and White political allies. FBI intake files released under the Epstein Files Transparency Act contain specific allegations of capital crimes, including trafficking and infanticide, naming the current President. Under the leadership of Bondi and now Defendant Blanche, the DOJ has categorized these as "unfounded" without formal investigation, applying a "Standard of Sensitivity" denied to the Plaintiff.

**7. Continuing Obstruction (March–April 2026):**
On March 18, 2026, the DOJ refused to answer 15 specific questions regarding the President's involvement in the Epstein files, claiming the files "totally exonerated" him despite heavy redactions.

https://www.c-span.org/program/house-committee/attorney-general-pam-bondi-testifies-before-house-judiciary-committee-part-1/673053

Since assuming the role of Acting Attorney General on April 2, 2026, Defendant Blanche has ratified these refusals, signaling a Departmental policy of prioritizing White political image over the Rule of Law.

**8. The Comparison of Treatment: Political Reward vs. Racial Roadblock.**

**8a. Preferential Treatment of Violent Political Allies:** DOJ under Pam Bondi selective application of the law is evidenced by the hiring of Jared Wise, a former FBI agent charged with two felonies for urging rioters to "kill" police officers on January 6. Despite his violent conduct, Wise was granted a full pardon and hired by the DOJ as a senior adviser.

**8b. The Comparative Harm to Plaintiff:** This creates an unconstitutional contrast.
While the DOJ facilitates the total legal exoneration and federal employment of a White individual who incited violence, the Defendant simultaneously utilizes the DOJ to strip law-abiding African-American citizens, specifically Robert P. Hollingsworth III, of the "Disparate Impact" standard—the primary tool used to redress systemic racism in their own workplaces.

https://youtu.be/gsmRs9nvx9U?si=nQzpBkLDAt_eigrd
https://share.google/nfJeND9qe4YVBnEZW

---

## FACTUAL ALLEGATIONS #2 (DIRECT INJURY TO PLAINTIFF)

**9.** Plaintiff Robert P. Hollingsworth III currently maintains an active workplace discrimination complaint and has filed numerous times concerning workplace discrimination. Throughout his history of filing grievances to address systemic racism, he has relied upon the "Disparate Impact" standard to prove that even policies that appear neutral on their face have a discriminatory effect on African-American employees. His ability to seek redress for systemic inequities is fundamentally tied to the federal government's enforcement of the Civil Rights Act of 1991.

**10. The "Intent" Hurdle:** By moving to an "Intent-Only" enforcement model, the Defendant has placed an insurmountable evidentiary burden on the Plaintiff. In modern corporate environments, discrimination is rarely overt; it is baked into "neutral" policies.

**11. Selective Enforcement:** Under the Defendant's current policy, the Plaintiff' active complaints are effectively "dead on arrival," as they are required to provide "smoking gun" evidence—a standard that the former United States Attorney General Pam Bondi did not apply to high-profile White figures and White political allies, who are granted immunity based on "sensitivity and now ratified, and enforced by Defendant Todd Blanche."

**12. Irreparable Harm:** This shift has caused the Plaintiff to possibly lose the "Property Interest" in his legal claims. If the Court does not intervene, the Plaintiff' active cases could be dismissed, causing a total loss of back pay and the $50,000,000.00 in constitutional value and dignity claimed herein.

**13.** The Defendant's "Institutional Subversion" has converted the DOJ into a "bottleneck" to protect the administration's political image while ignoring the statutory rights of African-American private citizens.

---

## COUNT I: VIOLATION OF THE FIFTH AMENDMENT (DUE PROCESS)

**14.** By changing the rules of evidence mid-litigation and shielding elite witnesses, the Defendant has deprived Plaintiff of his "Property Interest" in a fair adjudicatory process.

## COUNT II: VIOLATION OF THE EQUAL PROTECTION DOCTRINE

15. Under Bolling v. Sharpe, the Defendant is prohibited from applying the law selectively. The "Intent-Only" policy has a clear "Discriminatory Effect" (United States v. Armstrong) by removing protections that predominantly safeguard minority citizens.

## COUNT III: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (APA)

16. Under 5 U.S.C. § 706, the Defendant's actions must be set aside as they are "not in accordance with law." The DOJ bypassed the "Notice and Comment" period to avoid scrutiny of a rule that contradicts the 1991 Civil Rights Act and Griggs v. Duke Power Co. (1971).

## COUNT IV: VIOLATION OF THE SEPARATION OF POWERS

17. The Defendant is performing a legislative function by nullifying Congressional statutes without repeal. This "Institutional Subversion" treats the Executive Branch as a sovereign power.

## COUNT V: VIOLATION OF EQUAL PROTECTION (SELECTIVE NON-ENFORCEMENT)

18. The Defendant has established a racially biased "Dual System of Justice" where White, powerful figures named in FBI Case ID: 50D-NY-3027571 are granted de facto immunity, and White political allies like Jared Wise—a man recorded inciting violence against police—are granted full pardons and senior federal employment within the Department of Justice.

19. This "Standard of Sensitivity" and professional reward for White individuals with violent criminal backgrounds stands in stark, unconstitutional contrast to the treatment of the Plaintiff.

20. Simultaneously, the Defendant has stripped law-abiding African-American citizens, including Plaintiffs Robert P. Hollingsworth III, of the "Disparate Impact" standard—the primary tool for redressing systemic discrimination.

21. This selective application of the law—protecting and rewarding the powerful and the politically aligned while targeting and handicapping the marginalized—is an unconstitutional "unequal hand" that violates the core of the Equal Protection Doctrine under the Fifth and Fourteenth Amendments.

## COUNT VI: DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1985 (CONSPIRACY TO DEPRIVE CIVIL RIGHTS)

22. **The Conspiracy of Exclusion:** The Defendant, in concert with predecessors and administrative officials, has engaged in a coordinated effort to deprive African-American citizens of equal legal standing. This conspiracy is evidenced by the simultaneous rescission of civil rights protections for the marginalized and the affirmative rewarding of political allies.

**23. The Jared Wise Overt Act:** A key "overt act" in this deprivation was the Department's decision to hire Jared Wise—a White man recorded inciting violence against law enforcement—as a senior advisor. This hiring, admitted to by former Attorney General Pam Bondi in a February 11, 2026, House hearing, demonstrates a Departmental intent to elevate those who attack the rule of law while stripping legal tools from those, like the Plaintiff, who seek to uphold it through the Civil Rights Act of 1991.

**24. Targeting of African-American Citizens:** By unilaterally removing the Disparate Impact standard, the Defendant has acted to ensure that African-American citizens are barred from seeking redress for systemic inequities.

---

## PRAYER FOR RELIEF

**Plaintiffs respectfully request that this Court:**

- **Compensatory Damages:** Award Plaintiff $50,000,000.00 for the destruction of his "Epistemic Trust," the intentional "demoralization" of his legal standing, and the profound constitutional injury.

- **Declaratory Relief:** Issue a declaration that the Defendant's rule changes are Ultra Vires and unconstitutional.

- **Injunctive Relief:** Enjoin the DOJ from enforcing the "Intent-Only" standard and restore the Disparate Impact standard for all pending, current and future complaints.

- **Nominal Damages:** Award nominal damages for the violation of Plaintiff' Fifth and Fourteenth Amendment rights.

---

**RESPECTFULLY SUBMITTED**

**Robert P Hollingsworth III (Pro-Se)**
**924 W Ionia St, Apt 3**
**Lansing, MI 48915**
**Phone: (517) 214-9329**
**Email: hollingsworth.robert@ymail.com**