UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

       Plaintiff,

                                    CASE No. 1:26-cv-1342

v.

                                      HON. ROBERT J. JONKER

TODD BLANCHE,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 6) and Plaintiff's Objection to the Report and Recommendation (ECF No. 7). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

Plaintiff says that the DOJ's recent decision to eliminate disparate-impact liability under Title VI of the Civil Rights Act by amending prior regulations violates both the Constitution and the APA. As the Magistrate Judge concluded, however, Plaintiff's complaint must be dismissed because he lacks standing to pursue those claims. (ECF No. 6, PageID.19, 21). In essence, Plaintiff challenges agency rulemaking. To challenge agency action, a plaintiff must "show, at the outset of the case, that he is injured in fact by agency action." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 807-08 (2024). This injury must be "concrete and particularized" and "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Hypothetical" or "speculative" allegations of future harm do not suffice. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-10, 416 (2013).

Here, Plaintiff alleges only that he "maintains an active workplace discrimination" suit, which he says he might "possibly lose" after the DOJ's new rule. (ECF No. 1, PageID.3). Plaintiff does not allege that the DOJ's new rule has had any material effect on the proceedings in his alleged underlying case. Nor does he explain how or why the DOJ's new rule will "imminently" affect his alleged ongoing suit at any point in future. In fact, the court assessing his workplace discrimination is not bound by the DOJ's new rule interpreting Title VI. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) ("[C]ourts need not . . . defer to an agency interpretation of the law"). Rather, it is the courts' role to decide what Title VI requires. *See id.* And the Supreme Court has already determined that it is "beyond dispute" that Title VI supplies a private right of action

for "only intentional discrimination" claims. *See Alexander v. Sandoval*, 532 U.S. 275, 281, 293 (2001) (holding that Title VI does not include a private right of action to enforce disparate-impact regulations promulgated under Title VI). DOJ's new rules, then, would not impact Petitioner's underlying case. So Petitioner's allegations regarding the "harm" that will befall him from the DOJ's new rule amount to nothing more than speculation, which does not confer Article III standing.

Moreover, as the Magistrate Judge also concluded, even if Plaintiff were to show sufficient Article III standing, his claims still fail. The Magistrate Judge's Report and Recommendations explains why each of Petitioner's constitutional and statutory claims have no merit. Plaintiff's Objections do not to deal in a meaningful way with the Magistrate Judge's analysis regarding the merits of his legal claims.[1] The Magistrate Judge carefully and thoroughly considered Plaintiff's complaint and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the fundamental analysis.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 6) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED.**

Dated:   July 9, 2026                         /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff attempts to cure some of the defects in his original complaint by moving to file an amended complaint as part of his objection to the Magistrate Judge's Report and Recommendation. (*See* ECF No. 7-1). But the amended complaint does not fix the fundamental flaws with his case—that he lacks standing and has failed to state a claim. So because Plaintiffs' Amended Complaint would not change the outcome here, his Motion for Leave to File an Amended Complaint (ECF No. 7-1) is **DENIED**.